**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

DAMOND B. HOROWITZ,

**Plaintiff,**

**v.**

LUXURY HOTELS INTERNATIONAL OF PURETO RICO, INC.,

**Defendant.**

**Civil No.** 16-2871 (FAB)

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Luxury Hotels International of Puerto Rico (“Luxury Hotels”)’s motion for summary judgment pursuant to Federal Rules of Civil Procedure 56 (“Rule 56”), Luxury Hotel’s motion *in limine* to exclude expert witnesses Paul Ullucci (“Ullucci”) and Edward Eichner (“Eichner”), and Luxury Hotel’s motion *in limine* to exclude documents relating to the indoor cycling (“spinning”) industry. (Docket Nos. 60, 70 and 92.) Plaintiff Damond B. Horowitz (“Horowitz”)’s moves to amend his statement of uncontested material facts. (Docket No. 80.) For the reasons set forth below, Luxury Hotel’s motion for summary judgment is **DENIED**, Luxury Hotel’s motions *in limine* are **DENIED WITHOUT PREJUDICE**, and Horowitz’s motion to amend his statement of uncontested material facts is **DENIED.**

**I. Luxury Hotel's Motion for Summary Judgment**

This litigation concerns a single cause of action for negligence arising from an injury sustained during an indoor cycling class. The following facts are deemed admitted by both parties pursuant to Local Rule 56. Loc. R. 56(e); P.R. Am. Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 130-31 (1st Cir. 2010) (citing Loc. R. 56(e)).[1]

**A. Background**

Luxury Hotels operates and manages the fitness center at the Ritz-Carlton Hotel ("Ritz Carlton") in San Juan, Puerto Rico. (Docket No. 19 at p. 2.)[2] On August 4, 2011, Horowitz checked into the Ritz Carlton. (Docket No. 60, Ex. 2 at p. 2.) The following

[1] Local Rule 56 governs the factual assertions made by the parties in the context of summary judgment. Loc. R. 56; Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007). The Rule "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute." CMI Capital Market Inv. v. González-Toro, 520 F.3d 58, 62 (1st Cir. 2008). The movant must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs." Loc. Rule 56(b). The nonmovant must "admit, deny, or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of facts." Loc. R. 56(c). The movant may reply and admit, deny, or qualify the opponent's newly-stated facts in a separate statement and by reference to each numbered paragraph. Loc. Rule 56(d). Facts that are properly supported "shall be deemed admitted unless properly controverted." Loc. R. 56(e); P.R. Am. Ins. Co., 603 F.3d 125, 130 (1st Cir. 2010).

[2] Horowitz's amended complaint named both the Ritz-Carlton Hotel Company of Puerto Rico, Inc. ("Ritz Carlton Company") and Luxury Hotels as defendants. (Docket No. 19.) Subsequently, Horowitz moved to dismiss the Ritz Carlton Company from this litigation because Luxury Hotels operates and manages the fitness center where Horowitz attended the spinning class, not the Ritz-Carlton Company. (Docket No. 26.) Id. Accordingly, this Court dismissed Horowitz's claims against the Ritz Carlton Company without prejudice on April 10, 2017. (Docket No. 28.)

day, Horowitz attended a forty-five minute spinning class at the Ritz Carlton's fitness center. (Docket No. 19 at p. 3.)[3] On August 7, 2011, Horowitz notified Ritz Carlton personnel that he suffered from soreness and experienced difficulty walking. Id. at p. 4. An on-call physician treated Horowitz at his hotel room. Id. That same night, Horowitz visited the emergency room at Ashford Presbyterian Community Hospital ("Ashford Presbyterian"). Id. at pp. 4—5. Horowitz received medical treatment until August 8, 2011, "discharging [himself] against the advice of [his] attending physician." (Docket No. 60, Ex. 3.)

Horowitz suffers from rhabdomyolysis, a medical condition allegedly resulting from his participation in the August 7, 2011 spinning class. (Docket No. 19 at p. 5.) During Horowitz's vacation in Puerto Rico, he experienced "excruciating pain and a great deal of discomfort." Id. at p. 8. He purportedly continues to endure bilateral weakness, bilateral intermittent pain, and bilateral discomfort. Id. Horowitz seeks $1,250,000.00 in economic damages from Luxury Hotels, litigation costs, and attorney's fees pursuant to Article 1802 of the Puerto Rico Civil

[3] Horowitz alleges that the spinning class instructor, Josué González ("González"), failed to warn Horowitz "to not overexert himself." (Docket No. 68, Ex. 2. at p. 4.) Luxury Hotels, however, maintains that González "cautioned participants to exercise at their own paces and levels." (Docket No. 69, Ex. 4 at p. 6.) This discrepancy is a question of fact for the jury to resolve.

Code, P.R. Laws Ann. tit. 31, sections 5141 *et seq*. ("Article 1802"). Id. at p. 7.

Luxury Hotels moves for summary judgment because, it argues, Horowitz "lacks adequate, credible, expert evidence to establish the alleged industry standards and deviations." (Docket No. 60, Ex. 5 at p-. 1–2.) Horowitz opposed summary judgement, and Luxury Hotels replied. (Docket Nos. 69 and 74.) After retaining new counsel, Horowitz moved to amend his statement of uncontested material facts "in the interest of factual accuracy." (Docket Nos. 80 and 81.) The proposed amendments to his statement of uncontested material facts are inconsequential. For instance, Horowitz initially admitted that he arrived at Ashford Presbyterian "at around 11:00 p.m." (Docket No. 60, Ex. 1 at p. 3; Docket No. 69, Ex. 1 at p. 2.) The proposed statement of uncontested material facts states that the "[a]rrival time was actually earlier than 11 p.m." (Docket No. 81 at p. 2.) Accordingly, the Court **DENIES** Horowitz's motion to amend his statement of uncontested material facts because the proposed amendments are insignificant, and the amendment would be futile.

**B. Jurisdiction**

The Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), because the dispute is between

citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

**C. Standard**

A court will grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Dunn v. Trs. of Bos. Univ., 761 F.3d 63, 68 (1st Cir. 2014) (internal citation omitted).

The role of summary judgment is to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Tobin v. Fed. Exp. Corp., 775 F.3d 448, 450 (1st Cir. 2014) (internal citation omitted). The party moving for summary judgment shoulders the initial burden of "demonstrat[ing] the absence of a genuine issue of material fact" with definite and competent evidence. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a properly supported motion has been presented, the burden shifts to the nonmovant "to demonstrate that a trier of fact reasonably could find in [its] favor." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (citation omitted). Summary

judgment is appropriate if the nonmovant's case rests merely upon "conclusory allegations, improbable references, and unsupported speculation." Forestier-Fradera v. Municipality of Mayagüez, 440 F.3d 17, 21 (1st Cir. 2006).

**D. Discussion**

Horowitz sets forth a single cause of action for negligence. (Docket Nos. 19 and 24.) A federal court sitting in a diversity action must apply the substantive law of the forum where the action is filed. See Rodríguez v. Señor Frog's de la Isla, Inc., 642 F.3d 28, 36 (1st Cir. 2011) (internal citations omitted). Consequently, Article 1802 of the Puerto Rico Civil Code governs this Court's analysis. P.R. Laws Ann. tit. 31, §§ 5141 *et seq*.

**1. Article 1802**

Article 1802 provides for a cause of action resulting from an individual's negligent act. Isla Nena Air Servs. V. Cessna Aircraft Co., 449 F.3d 85, 88 (1st. Cir. 2006) (citing P.R. Laws Ann. tit. 31, § 5141).[4] To prevail on a negligence claim, plaintiffs must establish three elements: (1) an injury, (2) a breach of duty, and (3) proximate causation of the injury. Vázquez-Filippetti v. Banco Popular de P.R., 504 F.3d 43, 49 (1st

[4] Article 1802 states that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann. Tit. 31, § 5141.

Cir. 2007) (internal citations omitted). Generally, "duty is defined by the general rule that one must act as would a prudent person under the circumstances." Id. (citation omitted); see e.g., Wojciechowicz v. United States, 582 F.3d 57, 67 (1st Cir. 2009) (holding that the "actions of the [air traffic] controller must be judged against what a reasonable person, under the same or similar circumstances, would have done"). Pursuant to Puerto Rico law, a duty of care may arise: (1) by statute or regulation, (2) "as the result of a special relationship between the parties," or (3) "as the result of a traditionally recognized duty of care particular to the situation." De Jesús-Adorno v. Browning Ferris Indus., 160 F.3d 839, 842 (1st Cir. 1998).[5] Failure to establish a duty of care is fatal to a cause of action pursuant to Article 1802. See De Jesús-Adorno v. Browning Ferris Indus., 992 F. Supp. 121, 123 (D.P.R. 1998) (Pieras, J.) ("As a simple matter

[5] This Opinion and Order concerns only the existence and scope of the applicable duty of care. Wojciechowicz, 582 F.3d at 66 (holding that "[t]he existence and the extent of a duty are questions of law") (citation omitted); Woods-Leber v. Hyatt Hotels of P.R., 951 F. Supp. 1028, 1035 (D.P.R. 1996) (Domínguez, J.) (holding that "even where there is a duty of care, the Court must still determine what degree of care is required by considering the foreseeability of an injury"). Whether a defendant breached his or her duty of care is question of fact falling within the province of the jury. See Situ v. O'Neill, 124 F. Supp. 3d 34, 46 (D.P.R. 2015) (Gelpí, J.) (denying summary judgment in a negligence action because "genuine material factual disputes exist as the breach of duty element of the present tort claim, the resolution of which must be left to the trier of fact") (citing Marshall v. Pérez Arzuaga, 828 F.2d 845, 849 (1st Cir. 1987)).

of tort law, if BFI had no duty to repair the hole, it cannot be held liable for its failure to do so.”).

**2. Luxury Hotels Owed Horowitz a Duty of Care**

As the manager and operator of the Ritz Carlton fitness center, Luxury Hotels owed Horowitz a duty of care. Article 1802 generally “does not require a plaintiff to state a specific duty on the part of the defendant.” Ramírez-Pomales v. Becton Dickinson & Co., 649 F. Supp. 913, 924 n.2 (D.P.R. 1986) (Lafitte, J.), aff’d, 839 F.2d 1 (1988); see Mateo v. Empire Gas Co., No. 13-1762, 2016 U.S. Dist. LEXIS 126803 *12 (D.P.R. Sept. 16, 2016) (García, J.) (“As a wholesaler and supplier of propane gas, Empire Gas, and its filing plant, City Gas, owed a duty of care to those who may have encountered their propane gas to act as a reasonably prudent company under the circumstances, and to exercise due diligence to avoid foreseeable risks.”) Indeed, Puerto Rico law presumes that “every man owes to his fellow creatures that degree of care and vigilance as will enable him to enjoy his life with safety.” Vázquez-Filippetti, 504 F.3d at 50, n.2 (quoting Pérez-Escolar v. Collado, 90 D.P.R. 806 (1964)).

No party denies the existence of a duty of care. Rather, Luxury Hotels contends that “the duty of care or standard applicable to innkeepers, hotels, fitness centers, gyms, spinning instructors or spinning professionals [is] so technical or

specialized in nature that [it has] to be established through credible, sound, expert testimony." (Docket No. 60, Ex. 5 at p. 10. The Court disagrees.

Luxury Hotel's motion for summary judgment hinges on whether the evidence submitted by Horowitz is sufficient pursuant to an unduly narrow duty of care. In its motion for summary judgment, Luxury Hotels cites medical malpractice cases for the proposition that "courts recognize matters as being so technical or specialized in nature that expert evidence is required of the party bearing the burden of proof to be able to sustain a decision by the trier of fact." Id. at p. 5 (citing Bradley v. Sugarbaker, 809 F.3d 8, 19 (1st Cir. 2015) (holding that the district court erred by excluding expert testimony "relevant to what the standard of care requires when a physician engages in a discussion of alternatives with his patient")).

Luxury Hotels' misapprehension of the applicable duty of care stems from Horowitz's amended complaint. Horowitz sets forth two divergent duties of care. (Docket No. 19.) First, Horowitz alleges that Luxury Hotels deviated from a litany of standards pertaining to indoor cycling. (Docket No. 19 at pp. 5-7.) According to Horowitz, Luxury Hotels is negligent because:

> (a) they never screened [Horowitz] to assess [Horowitz's] suitability or level of expertise in spinning; (b) never informed [Horowitz] of any of the

> risks to which he was about to be exposed, including the very serious risk (as a first-time spinner) of rhabdomyolysis; (c) even though [Horowitz] had never previously engaged in any spinning at all, [Luxury Hotels] placed [Horowitz] in a non-beginner class along with much more advanced spinners; and (d) . . . placed [Horowitz] in a 45-minute class, which was 50 percent longer in duration than the 30-minute limit which spinning provides/professionals had been cautioned and urged to adhere to for first-time spinners.

Id. at p. 7. The standards articulated by Horowitz derive from professional indoor cycling literature including "Spinning Instructor News" and "wwww.spinning.com." Id. at p. 6. Second, Horowitz, adopts a more generalized duty of care, claiming that Luxury Hotels "owed [Horowitz] the basic duty of care that an innkeeper owes it guests." (Docket No. 19 at p. 7.) This Court concurs with the latter.

Luxury Hotels and Horowitz's contention that the applicable duty of care is specific to the spinning industry is misguided. In actions involving complex subject matters, such as negligent design defect and medical malpractice cases, plaintiffs must set forth expert testimony establishing the applicable duty of care. See Prado-Álvarez v. R.J. Reynolds Tobacco Co., 313 F. Supp. 2d 61, 73 (D.P.R. 2004) (Pieras, J.) (dismissing with prejudice negligent design defect claim because "[p]laintiffs have not named an expert on cigarette design who could testify that Defendant was negligent in the design of its cigarettes") aff'd,

405 F.3d 36 (1st Cir. 2005); Rodríguez-Díaz v. Seguros Triple-S, 636 F.3d 20 (1st Cir. 2011) (affirming dismissal of medical a malpractice action pursuant to Article 1802 because plaintiff failed to "establish, through expert evidence, the degree of care and scientific knowledge required by the profession in the specific type of patient") (citation omitted).

Nothing in the record suggests that a negligence action stemming from a spinning class implicates a duty of care requiring expert testimony, rather than the general "obligation to anticipate and take measures against a danger that is reasonably foreseeable." Woods-Leber, 951 F. Supp. at 1035. Horowitz cites no statute or regulation suggesting that the duty of care for fitness centers offering spinning classes requires expert testimony. Luxury Hotels named Douglas Baumgarten ("Baumgarten") as an expert in exercise science because he is "quite familiar with Spinning and other forms of indoor cycling exercise." (Docket No. 69, Ex. 4 at p. 2.) Baumgarten asserts that "there are virtually no statutes regarding exercise instruction, as there are myriad types of exercise programs and many different ways of instruction or coaching participants." Id. at p. 3. The parties present no reason to hold Luxury Hotels liable for negligence because it allegedly deviated from the standards set forth in indoor cycling publications including "Spinning Instructor News"

and “wwww.spinning.com.” (Docket No. 19 at p. 6.) Citation to trade magazines and websites for spinning enthusiasts does not establish the obligatory duty of care for indoor cycling classes within the meaning of Article 1802.

The duty of care in the context of a spinning class need not correspond to technical, industry-specific standards. See e.g., Gass v. Marriot Hotel Servs., 558 F.3d 419, 430 (6th Cir. 2009) (“Expert testimony is not necessary to allow a reasonable jury to conclude that such actions are negligent, inasmuch as an ordinary person understands that it is unacceptable to enter a place where another is residing and fill that place with airborne poison, without providing for evacuation of the inhabitants, appropriate ventilation, or taking other precautions.”); Bonilla v. New Jersey, No. 15-6795, 2017 U.S. Dist. LEXIS 112958 *28 (D.N.J. July 19, 2017) (“Here, the Court finds that the level of care to which Defendants must be held in training their employees on how to operate the Machine is not so esoteric as to require expert testimony—it concerns the fairly mundane question of the care necessary in dealing with a large, mechanical device.”).

The relationship between the parties demonstrates that Luxury Hotels owed Horowitz the duty of care that an innkeeper

owes its guests. Article 1057 of the Puerto Rico Civil Code provides that:

> The fault or negligence of the debtor consists of the commission of steps which may be required by the character of the obligation and which may pertain to the circumstances of the persons, time and place. Should the obligation not state what conduct is to be observed in its fulfilment, that observed by the good father or a family shall be required.

Laws P.R. Ann. tit. 31, § 3021. Courts impose a heightened duty of care on innkeepers pursuant to Article 1057. Chapman v. E.S.J. Towers, Inc., 803 F. Supp. 571, 573 (D.P.R. 1992) (Pérez-Giménez, J.); Grasis v. Win Access, Inc., No. 13-1226, 2017 U.S. Dist. LEXIS 67654 * (D.P.R. Mar. 28, 2017) (Carreño-Coll, Mag. J.) ("Under Puerto Rico law, a hotel-keeper owes its guests a heightened duty of care and protection.") (citation omitted). An innkeeper is "any person, firm, corporation, or other type of business organization, engaged for profit, in the operation of a hotel." P.R. Laws Ann. tit. 10, § 711(b). By offering spinning classes to hotel guests, Luxury Hotels engaged "in the operation of a hotel." Id.; see Coyne v. Taber Partners I, 53 F.3d 545, 458 (1st Cir. 1995) (holding that a hotel-operated taxi "must be viewed as an innkeeper" because the taxi driver was "an employee of the hotel, performing a private service for a private purpose"). Indeed, both parties acknowledge that the duty of care belonging to an innkeeper is applicable in this action. (Docket No. 19 at p. 7;

Docket No. 60, Ex. 5 at p. 10.) As an innkeeper for purposes of Article 1802, Luxury Hotels owed Horowitz a duty to "maintain [the spinning class] in such a safe condition that one who is induced to enter the premises will not suffer any damage." Maldonado v. K-Mart Corp., No. 97-1268, 2000 U.S. Dist. LEXIS 23555 *8 (D.P.R. Oct. 18 2000) (citing Soc. Ganaciales v. González Padín Co., 117 D.P.R. 94 (1986)). Accordingly, the Court finds that Luxury Hotels owed Horowitz the same duty of care that an innkeeper owes its guests. P.R. Laws Ann. tit. 31, § 3021. This Court **DENIES** Luxury Hotels' motion for summary judgment.

**II. Luxury Hotel's Motions *in Limine***

Luxury Hotels requests that the Court preclude any reference to Ullucci and Eichner at trial. (Docket No. 70.) Horowitz designated Ullucci as an expert witness on March 24, 2018, more than a week after the deadline to do so. (Docket No. 49 at p. 6; Docket No. 55 at p. 2.) Accordingly, the Court granted Luxury Hotels' motion to strike Ullucci, holding that Horowitz "is precluded from utilizing Dr. Paul Ullucci, Jr. as an expert witness or otherwise at trial." (Docket No. 56.) Horowitz named Eichner as an expert before the conclusion of discovery, but subsequently withdrew Eichner's expert witness designation. (Docket No. 62 at p. 2.) Luxury Hotels requests that the Court broaden its previous order by "precluding Dr. Cardona-Cancio, [Horowtiz], or any of the

witnesses . . . from making any direct or indirect reference to the opinion of Ullcci and Eichner."

The comprehensive preclusion of any reference to Ullucci and Eichner is unwarranted. Luxury Hotels provides no basis for the Court to expand its previous ruling regarding the exclusion of Ullucci, or to preclude any reference to Eichner. The Court's order prohibiting Horowitz from utilizing Ullucci as an expert at trial is sufficient. (Docket No. 56.) Luxury Hotels' request to preclude Horowitz's designated expert, Néstor Cardona-Cancio ("Cardona"), from "making any direct or indirect reference to the opinions of Drs. Ullucci, Jr. and Eichner" is unnecessary. (Docket No. 70 at p. 4.) This Court need not bar Cardona from referring to Ullucci and Eichner.

Cardona's testimony must comply with Federal Rules of Evidence 702 and 703 ("Rule 702" and "Rule 703," respectively). Pursuant to Rule 702, a witness may testify to scientific, technical, or other specialized knowledge if it "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702; see Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592 (1993); see also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147-49 (holding that Daubert applies to technical and other specialized expert testimony as well as to scientific testimony.) Rule 703 sets forth an exception to the

hearsay exclusion, providing that "[f]acts or data that are otherwise inadmissible shall not he disclosed to the jury by the proponent of the opinion or inference unless the Court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703.

In determining the admissibility of expert testimony, a trial court "must perform a gatekeeping function and decide whether the proposed testimony, including the methodology employed by the witness in arriving at the proffered opinion, rests on a reliable foundation and is relevant to the facts of the case." Cummings v. Standard Register Co., 265 F.3d 56, 64 (1st Cir. 2001) (internal citations omitted). Whether an expert satisfies these criteria is a "case-specific inquiry and . . . a question that the law grants the trial judge broad latitude to determine." Id. (internal citation omitted). Luxury Hotels may set forth any objection it may have regarding Ullucci and Eichner in the context of trial.

In its second motion *in limine*, Luxury Hotels moved to exclude the following: (1) e-mails between Horowitz and insurance firm AIG, (2) an expert report by Eichner, (3) Eichner's professional qualifications, and (3) spinning articles and publications. (Docket No. 92.) The Court will address the admissibility of this

evidence at trial. Accordingly, this Court **DENIES WITHOUT PREJUDICE** Luxury Hotels' motions *in limine*.

**III. CONCLUSION**

For the reasons set forth above, Luxury Hotels' motion for summary judgment is **DENIED**, Luxury Hotel's motions *in limine* are **DENIED WIHTOUT PREJUDCE**, and Horowitz's motion to amend his statement of uncontested material facts is **DENIED.** The pretrial conference and trial are set for **August 31, 2018 at 9:00 a.m. and September 17, 2018 at 9:00 a.m.** respectively. The parties will file their respective proposed *voir dire* questions and proposed jury instructions **no later than August 24, 2018.**

**IT IS SO ORDERED**.

San Juan, Puerto Rico, August 2, 2018.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE